No. 123          February 22, 2024          139

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD TAYLOR BANUAT,
*Defendant-Appellant.*

Curry County Circuit Court
20CR33076; A176268

Cynthia Lynnae Beaman, Judge.

Submitted February 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for driving under the influence (DUII), ORS 813.010, and reckless driving, ORS 811.140, assigning error to the trial court's denial of his motion to suppress evidence. Defendant argues that the court should have suppressed the results of field sobriety tests (FSTs) and a breath test because he was placed in compelling circumstances during a traffic stop when the officers interrogated him about reckless driving and DUII. Defendant contends that *Miranda* warnings were required at that point and that the evidence obtained thereafter was in violation of Article I, section 12, of the Oregon Constitution. We conclude that the circumstances prior to the *Miranda* warnings were not compelling, and therefore the trial court did not err in denying defendant's motion to suppress evidence of defendant's test results. Accordingly, we affirm.

We review the trial court's denial of a defendant's motion to suppress for legal error. *State v. Revette*, 318 Or App 749, 751, 508 P3d 985, *rev den*, 370 Or 214 (2022). We review for legal error whether statements were made in compelling circumstances. *State v. Esquivel*, 288 Or App 755, 756, 407 P3d 879 (2017). Because the parties are aware of the underlying factual and procedural history, we do not provide a recitation of those details for this nonprecedential memorandum disposition.

To protect a person's right against compelled self-incrimination, Article I, section 12, requires that, "before questioning, police must give *Miranda* warnings to a person who is in full custody or in circumstances that create a setting which judges would and officers should recognize to be compelling." *State v. Roble-Baker*, 340 Or 631, 638, 136 P3d 22 (2006) (internal quotation marks omitted). Ordinarily, an officer's questions during a routine traffic stop does not create compelling circumstances that would require *Miranda* warnings. *State v. Schwerbel*, 233 Or App 391, 395, 226 P3d 100, *rev den*, 349 Or 172 (2010). Confronting a suspect with evidence of probable cause, however, may make the circumstances sufficiently compelling to require *Miranda* warnings. *Id*. In making the determination of whether a person was

in compelling circumstances, we examine the totality of the circumstances, including "(1) the location of the encounter—that is, whether the venue was familiar to the suspect or subject to police control; (2) the length of the encounter; (3) the amount of pressure exerted on the defendant, including, *e.g.*, officers' affect and whether officers confronted the suspect with evidence of guilt in a coercive manner; and (4) the defendant's ability to terminate the encounter." *State v. Northcutt*, 246 Or App 239, 246, 268 P3d 154 (2011) (internal quotation marks and citations omitted). The factors are neither exclusive nor are they applied mechanically. *Roble-Baker*, 340 Or at 641.

On appeal, defendant points to the following details in support of his argument that he was in compelling circumstances: three law enforcement officers in uniform participated in the stop; one officer, Hutchins, confronted defendant with evidence of probable cause to arrest him for reckless driving and DUII; after defendant denied any wrongdoing, the officer continued to ask questions related to the crimes; and he was not free to terminate the encounter. Defendant argues that *Miranda* warnings should have preceded any interrogation regarding reckless driving or DUII given the significant pressure exerted on him when he was confronted with evidence of his guilt in a coercive manner. As explained below, given the totality of the circumstances, we conclude that the trial court did not err in denying the motion to suppress.

First, the public location on the highway and short duration of the pre-*Miranda* questioning—less than 15 minutes—cut against defendant's argument that he was in compelling circumstances. *See State v. Prickett*, 324 Or 489, 495-96, 930 P2d 221 (1997) (concluding that questioning of the defendant after showing signs of intoxication on FSTs did not require *Miranda* warnings under the totality of the circumstances: the short duration of the stop, public location, and lack of heightened activity such as a drawn gun or loud tone of voice).

Second, the demeanor and conduct of Hutchins and the other officers were calm and there was no brandishing of weapons that would create compelling circumstances. *See*

*State v. Shaff*, 343 Or 639, 646, 175 P3d 454 (2007) (concluding that under the totality of the circumstances, the defendant was not in compelling circumstances where, among other factors, the officer "did not raise his voice, threaten defendant, or engage in a show of force").

Third, contrary to defendant's assertions, he was never directly accused of reckless driving or DUII, nor was he informed that the officers would or could arrest him prior to the *Miranda* warnings. Instead, Hutchins specifically informed defendant that he was not under arrest prior to administering FSTs and after defendant was given *Miranda* warnings. *See State v. McMillan*, 184 Or App 63, 68, 55 P3d 537 (2002), *rev den*, 335 Or 355 (2003) ("Although an officer's unarticulated suspicions do not result in compelling circumstances, expressly confronting a suspect with evidence of probable cause to arrest may make the circumstances sufficiently compelling to require *Miranda* warnings[.]") (internal citations omitted); *Cf. Schwerbel*, 233 Or App at 395 (concluding that the defendant was in compelling circumstances because the officer was not investigating a crime but had already determined that the defendant was driving while suspended and informed the defendant of that fact).

Fourth, Hutchins's follow-up questions after defendant denied wrongdoing was not coercive, aggressive, or repetitive such that it created compelling circumstances. *See Shaff*, 343 Or at 650 (concluding that the officer's questions were not coercive, aggressive, or repetitive when the officer confronted the defendant with a report of abuse, the defendant denied the abuse, and the officer continued to ask follow-up questions challenging the defendant's version of events); *see also State v. Nelson*, 285 Or App 345, 354, 397 P3d 536 (2017) (concluding that it was not threatening or coercive when the deputy made a statement that he believed that the defendant was too impaired to have been driving because it would not be understood by a reasonable person to be pressure on the defendant to answer questions).

Finally, defendant's inability to terminate the encounter prior to being given *Miranda* warnings was not a factor that would support compelling circumstances because of the short period of questioning and the lack of

coercive tactics by the officers. *See Nelson*, 285 Or App at 353 (explaining that the inability to terminate the encounter does not generally create compelling circumstances during a traffic stop unless it is more lengthy or coercive than is typical).

In short, given the totality of the circumstances, defendant was not in compelling circumstances that required *Miranda* warnings prior to Hutchins's investigative questions regarding reckless driving or DUII. Accordingly, the trial court did not err in denying defendant's motion to suppress evidence of his FSTs and breath test.

Affirmed.